UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-221-GWU

STEVIE D. METCALF,                                                              PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the court on the plaintiff's motion for summary judgment and the Commissioner's Motion for Entry of Judgment and to Remand under Sentence Four of 42 U.S.C. Section 1382(c)(3), which the plaintiff opposes.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

## DISCUSSION

The plaintiff, Stevie D. Metcalf, filed an application for SSI on October 28, 2002 (Tr. 51-2), alleging disability due to "spine and brain damage at birth," although his alleged onset date was June 15, 1996 (Tr. 65).  An Administrative Law Judge

(ALJ) determined that Mr. Metcalf had "severe" impairments consisting of a club foot, borderline intellectual functioning, and a cognitive disorder but, based, in part, on the testimony of a Vocational Expert (VE), determined that he retained the residual functional capacity to perform his past relevant work as a hospital cleaner, dishwasher, and farm worker.  (Tr. 20-1, 205-6).  The Appeals Council declined to review, and this action followed.

After the plaintiff filed his motion for summary judgment, the Commissioner requested a remand in order to allow the ALJ to reassess the plaintiff's residual functional capacity and provide a rationale for accepting or discounting medical source opinions, especially with regard to the plaintiff's mental impairments, to update the record regarding the plaintiff's earnings and address the issue of whether the plaintiff performed substantial gainful activity during the past 15 years, and, if not, proceed to the sixth and seventh steps of the sequential evaluation process under the <u>Garner</u> analysis, "to obtain vocational expert testimony in response to hypothetical questions accurately reflecting all of [the plaintiff's] functional limitations," to determine whether the plaintiff's mental functioning meets or equals the Commissioner's Listing of Impairment 12.05 and possibly receive evidence from a medical expert on this issue, and to consider the effect of possible substance abuse.  The plaintiff opposes the motion and maintains that a reversal for an award of benefits is proper.  Docket Entry No. 13, p. 2.  Thus, since the Commissioner concedes that the administrative decision is not supported by

substantial evidence, the only issue to be resolved is whether an outright award of benefits is indicated.

As the Commissioner notes, an award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).  In the present case, the court concludes that the proof of disability is not entirely clear from the evidence presented and a remand under Sentence Four is warranted.

While the plaintiff had several mental status evaluations, some of which contained indications of limitations severe enough to prevent work activity, both Dr. Kevin Eggerman, a psychiatrist, and Reba Moore, a psychologist, concluded that vocational rehabilitation was not contraindicated.  (Tr. 116, 184).  The plaintiff did not have a treating source who would be entitled to controlling weight.  Evidence to support the ALJ's choice of functional restrictions is lacking, but the court cannot conclude based on the evidence before it that the only conceivable functional restrictions supported by substantial evidence would preclude all work activity.

Regarding the plaintiff's intellectual functioning, Reba Moore conducted IQ testing which produced a verbal IQ of 68, but she diagnosed borderline intellectual functioning rather than mild mental retardation, and the plaintiff did not supply school records or other documentation supporting his claims of significantly subaverage intellectual functioning prior to age 22.  Therefore, LOI 12.05 was not

07-221  Metcalf

clearly met or equaled based on the present evidence.  Foster v. Halter, 279 F.3d 348, 355 (6th Cir. 2001).

An order and judgment will enter granting the defendant's motion to remand for consideration of the issues described in the first paragraph of this opinion and granting the plaintiff's motion for summary judgment to the extent it seeks a determination that the administrative decision was not supported by substantial evidence.

This the 16th day of January, 2008.

Signed By:
G. Wix Unthank
United States Senior Judge